BROMINSKI, J.,
This matter comes before the court upon motion for summary judgment of plaintiff, Aetna Casualty & Surety Company. Also before the court is the cross-motion for summary judgment of defendant, Mary M. Fisher. For the reasons advanced herein, plaintiff’s motion for summary judgment is granted, and defendant’s motion for summary judgment is denied.
The facts of this case, succinctly stated, reveal the following: On September 12, 1989, plaintiff filed a complaint in declaratory judgment. The complaint arises out of an automobile accident which occurred on December 9, 1987. Defendant was injured while a passenger in a 1976 Buick operated by her husband, Clarence Fisher. The vehicle being operated by Clarence Fisher was insured by plaintiff. The policy of insurance covering the vehicle provided liability coverage up to a limit of $50,000 and underinsured motorist coverage in the same amount. At the time *566 of the accident, defendant’s husband passed out while operating the aforesaid vehicle, thereafter striking a telephone pole. The accident resulted in serious injuries to defendant.
Under the terms of the insurance policy in effect between plaintiff and defendant, the amount of bodily injury coverage was reduced from $50,000 to $15,000. This reduction was pursuant to an endorsement which limited the maximum amount of bodily injury protection available to persons related by blood, marriage, or adoption, who are residents of the insured’s household. As a result of the aforesaid exclusion, defendant received only $15,000 under the bodily injury coverage of the policy.
Defendant thereafter made a demand upon plaintiff for underinsured motorist benefits. Plaintiff refused to pay such benefits and filed a declaratoiy-judgment action, seeking a judicial interpretation of its obligation to pay underinsured motorist coverage. Plaintiff contends that it is not obligated to pay underinsured motorist benefits to a first-party beneficiary when it has already paid the maximum available pursuant to the bodily injury coverage of the policy.
Plaintiff in its motion and brief submits to the court the recent decision of the Pennsylvania Superior Court entitled Newkirk v. United Services Auto. Assn., 388 Pa. Super. 54, 564 A.2d 1263 (1989). Plaintiff argues that Newkirk is dispositive of the issue and precludes an individual receiving both liability coverage and underinsured motorist coverage under the same policy. Defendant, on the other hand, argues that Newkirk, supra, does not control in that Newkirk was limited to a factual situation wherein the policy language precluded an injured party from receiving both liability benefits and un-derinsured benefits. Plaintiff contends that the pol *567 icy language in the Aetna policy does not contain language similar to that decided by the court in Newkirk, supra.
After carefully reading the parties’ briefs, as well as reviewing the decision of the court in Newkirk, we conclude that Newkirk is not limited to cases containing an exclusion clause. To the contrary, the language in Newkirk rests on public-policy grounds and precludes a first-party beneficiary from recovering both liability coverage and underinsured motorist coverage from the same policy.
The purpose of underinsured motorist coverage required by the Motor Vehicle Financial Responsibility Law was succinctly stated in Wolgemuth v. Harleysville Mutual Insurance Co., 370 Pa. Super. 51, 535 A.2d 1145 (1988). In Wolgemuth, the court stated the following:
“The purpose of underinsured motorist coverage is to protect the insured (and his additional insureds) from the risk that a negligent driver of another vehicle will cause injury to the insured (or his additional insureds) and will have inadequate liability coverage to compensate for the injuries caused by his negligence. Thus, an insured who purchases $100,000 of liability coverage to protect others from his negligence must, by law, be offered the option of purchasing up to $100,000 of underinsured motorist coverage to protect himself and his additional insureds from the risk that they will be severely injured by a negligent driver who has liability coverage in an amount insufficient to fully compensate them for their injuries.
“The language of the statute itself suggests that underinsured motorist coverage requires the existence of at least two applicable policies of motor vehicle insurance. ” 370 Pa. Super, at 58, 535 A.2d at 1149. (emphasis supplied)
*568 In Newkirk v. United Services Auto. Assn., 388 Pa. Super. 54, 564 A.2d 1263 (1989), plaintiff was injured in a car accident while a passenger in a vehicle owned and operated by her husband. As in the case at bar, she sought to recover underinsured motorist benefits under her husband’s automobile insurance policy. The Superior Court held that she was not entitled to those benefits, based upon the purpose and intent of the Motor Vehicle Financial Responsibility Law. The Superior Court stated that:

“When the legislature created the underinsured motorist coverage provision of the MVFRL, they simply did not intend for an individual to recover third-party liability benefits and first-party underin-sured benefits from the same automobile insurance policy. . . .

“As we explained in Wolgemuth, our legislature enacted underinsured motorist coverage to resolve the inequities which resulted when only uninsured motorist coverage was mandatory and claimant who had purchased uninsured motorist coverage was involved in a car accident with an underinsured motorist rather than an uninsured motorist. Our legislature thus intended underinsured motorist coverage to operate in the same manner as uninsured motorist coverage only for motorists who were injured by underinsured motorists.
“With uninsured motorist coverage, a claimant cannot recover third-party liability benefits and uninsured motorist coverage from a tort-feasor’s policy of insurance. The reason for this is clear. If the tort-feasor has third-party liability coverage from which the claimant can recover, then the tort-feasor is not uninsured, and the claimant is not eligible to recover any uninsured motorist benefits .... When the claimant is entitled to recover uninsured motorist benefits because the tort-feasor *569 is uninsured, the claimant recovers those benefits through his or her own policy of insurance.
“Applying this manner of operation to underin-sured motorist coverage, it follows logically that a claimant cannot recover third-party liability benefits and underinsured motorist coverage from the same policy of insurance. ” 388 Pa. Super, at 64, 564 A.2d at 1267-8. (citations omitted; emphasis supplied)
It is clear that the basis for the court’s arguments is not the exclusion clause of the policy itself, but rather the purpose and intent of the MVFRL. Neither Wolgemuth, supra, nor Newkirk, supra, limits application of its holding only to those instances where the policy definition specifically excludes such coverage. To the contrary, the courts clearly and unequivocally declare that the public policy of the Commonwealth, as expressed through the Motor Vehicle Financial Responsibility Law, precludes an individual from obtaining both liability and unde-rinsured motorist coverages from the same policy.
In view of the clear and unequivocal language in both Wolgemuth and Newkirk, it is apparent that an individual cannot recover both liability coverage and underinsured'motorist coverage from the same policy. To do so would be a violation of the policy underlying the Pennsylvania Motor Vehicle Financial Responsibility Law. As such, plaintiff’s motion for summary judgment is granted.
ORDER
It is hereby ordered, adjudged and decreed as follows:
(1) Plaintiff’s motion for summary judgment is granted.
(2) Defendant’s motion for summary judgment is denied.
*570 (3) Plaintiff, once it has paid to defendant the maximum amount of bodily injury coverage available pursuant to the terms of its policy of insurance, is not required to pay to defendant any amount for underinsured motorist coverage.